**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Ilda Miriam Garcia,<br><br>Petitioner,<br><br>v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>Respondent. | No. 21-523<br><br>Agency No.    A096-541-504<br><br>MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2023<sup>**</sup>
Phoenix, Arizona

Before: TALLMAN, OWENS, and BADE, Circuit Judges.

Petitioner Ilda Miriam Garcia seeks review of a July 23, 2021, final order

of removal from the Board of Immigration Appeals (Board).  The Board

dismissed Petitioner's appeal of an October 1, 2020, Immigration Judge's

decision that (1) found her removable due to a conviction for aggravated felony

fraud and (2) denied her motion to remand for adjustment of status relief.  We

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252(a)(1). Because substantial evidence supports the conclusion that Petitioner's Arizona fraud conviction resulted in a loss to victims exceeding $10,000 and we lack jurisdiction over her motion to remand, the petition is DENIED in part and DISMISSED in part.

1. The agency correctly concluded that Petitioner is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) due to her conviction for an aggravated felony involving "fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). We review for substantial evidence a finding of fact that the victims' losses exceed $10,000. *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007) ("The standard of review for factual findings … is … substantial evidence."); *See Nijhawan v. Holder*, 557 U.S. 29, 33–34 (2009) (holding that the "fraud and deceit" provision of 8 U.S.C. § 1101(a)(43)(M)(i) calls for a circumstance-specific inquiry that requires fact finding). Under the circumstance-specific approach for determining a victim's loss, the court looks at the circumstances surrounding the crime and whether the loss amount is tied to a count of conviction. *Nijhawan*, 557 U.S. . at 42. Sentencing-related materials, such as the pre-sentence report (PSR), restitution orders, and stipulations can be consulted to determine the amount of loss. *Id*. at 41–43.

Petitioner's sentencing-related materials including the indictment, plea agreement, judgment, and PSR, show she pleaded guilty and was convicted of fraudulent schemes and artifices to defraud her plastic surgery patients as well as practicing medicine without a license. Only the convictions for fraudulent

schemes and artifices name the victims. The PSR shows the amount of the victims' payments to Petitioner and her co-defendant totaling $10,280. The payments made by the victims were therefore tied to the counts of conviction for fraudulent schemes and artifices and the $10,000 threshold under 8 U.S.C. § 1101(a)(43)(M)(i) is met.

2. Petitioner failed to exhaust her claim that a due process violation occurred when she was not afforded an opportunity to confront the preparer of her PSR. Therefore, this court lacks jurisdiction to hear this claim. *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). Petitioner raises this issue for the first time in her opening brief. She did not object to the PSR or seek to cross-examine witnesses during her immigration hearing. She also did not raise this issue in her brief to the Board. The issue of whether a witness should be cross-examined is the type of procedural error an administrative tribunal can remedy when properly raised by a petitioner at the appropriate time. *Id.* at 678.

3. Because Petitioner was properly found to be removable for committing an aggravated felony, we lack jurisdiction to review the Board's denial of Petitioner's motion to remand due to the criminal bar. 8 U.S.C. § 1252(a)(2)(C). Although we retain jurisdiction to review constitutional claims or questions of law, Petitioner fails to raise any. 8 U.S.C. § 1252(a)(2)(D). The stay of removal remains in place until the mandate issues.

**DENIED in part and DISMISSED in part**.